# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

JUL 14 2023 PM 1:27
FILED-USDC-CT-HARTFORD

ISAIAH FREEMAN

Plaintiff

V.

DURAN ROWE

ANDRE ALOMAR

UNNAMED MARSHALL #1

UNNAMED MARSHALL #2

UNNAMED MARSHALL #3

Defendants

FEDERAL CIVIL ACTION

Case #: _____

Complaint for Injunctive relief and Declaratory Damages

Demand for Jury Trial

**Applicable Statutes**

42 USC. § 1983

**BIVENS ACTION AS PER BIVENS V. SIX UNKNOWN NAMED AGENTS, 403 U.S. 388, 91 S. CT. 1999, 29 L. ED. 2D 619 (1971)**

# TABLE OF CONTENTS

SECTION 1: JURISDICTION ................................................................ 3

SECTION 2: PREVIOUS CIVIL ACTION ............................................... 3

SECTION 3: PARTIES ......................................................................... 3

SECTION 4: STATEMENT OF CLAIM .................................................. 4

SECTION 5: CLAIMS UPON DEFENDANTS ........................................ 8

SECTION 6: COUNTS ......................................................................... 9

   COUNT 1: VIOLATIONS OF 42 U.S.C. 1983 (CIVIL RIGHTS) ........... 9

   COUNT 2: VIOLATIONS OF BIVENS V. SIX UNKNOWN NAMED AGENTS, 403 U.S. 388, 91 S. CT. 1999, 29 L. ED. 2D 619 (1971) .. 9

SECTION 7: INJURIES ...................................................................... 10

SECTION 8: RELIEF .......................................................................... 10

   INJUNCTIVE RELIEF / RESTRAINING ORDER ............................. 10

   JUDGEMENT IN FAVOR OF PLAINTIFF ........................................ 10

   MONETARY RELIEF ..................................................................... 12

SECTION 9: DEMAND FOR JURY TRIAL .......................................... 12

SECTION 10: PRAYER ...................................................................... 12

SECTION 11: INDIGENT DEFENDANT REQUESTS THE COURT TO APPOINT COUNSEL TO REPRESENT PLAINTIFF. ........................... 13

CERTIFICATION OF PLAINTIFF ....................................................... 15

# SECTION 1: JURISDICTION

**1.** This Civil Rights Complaint pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

**2.** The Plaintiff is suffering Injury in Fact which is invasion of legally protected interests that is concrete and particularized and actual and imminent and is traceable to the defendants' conduct, these Injuries in Fact establishes sufficient concrete adverseness to meet Article III case or controversy test. A favorable ruling from the jury would redress Plaintiff's injury.

# SECTION 2: PREVIOUS CIVIL ACTION

NO__x__YES

# SECTION 3: PARTIES

**PLAINTIFF**

**1.** The Plaintiff is currently a Federal Detainee presently in the custody of The United States Marshal Service., located at the Essex County Corrections Facility, 354 Doremus Ave. Newark, New Jersey, 07105.

## DEFENDANTS

1) **DURAN ROWE,** 950 Pennsylvania Ave NW, Washington, DC 20530
2) **ANDRE ALOMAR,** 950 Pennsylvania Ave NW, Washington, DC 20530
3) **UNNAMED MARSHALL #1,** 950 Pennsylvania Ave NW, Washington, DC 20530
4) **UNNAMED MARSHALL #2,** 950 Pennsylvania Ave NW, Washington, DC 20530
5) **UNNAMED MARSHALL #3,** 950 Pennsylvania Ave NW, Washington, DC 20530

## SECTION 4: STATEMENT OF CLAIM

**1.** On August 26, 2021, plaintiff was 97 Starlet Lane in Waterbury, Connecticut at his home. At approximately 12 noon to 1pm, he was taking out the garbage from his house to the street. This entails walking down a driveway and dropping the bags by the street. When the plaintiff was about 10 feet from the end of the driveway, where he would normally drop the two large garbage bags for pickup, he saw an adult male appear from the left side, coming from behind the bushes, wearing a black ninja style mask, camouflage fatigues and carrying a large assault rifle. The person

was not marked with any noticeable police insignia whatsoever. The intruder raised and pointed the gun at the plaintiff. There is no sidewalk in this area, so the intruder was in the plaintiff's driveway at that moment. The plaintiff turned around and tried to run back up the driveway towards his house.

2. Witnesses/bystanders to the events then saw the subsequent events unfold. Marshalls ran towards the defendant from the back of the house. Several Marshall's, approximately 3, shot yellow Tasers at the plaintiff. Medical records confirm that there were three metal chargers taken out of the plaintiff's face, one from his left chest area and a fifth from his abdominal region. As each Taser typically has 2 chargers, a positive and a negative, this suggests that 3 Taser shots were taken. The plaintiff dropped like a rock on the spot.

3. While the plaintiff was out cold laying on the ground, the Marshalls approached him and proceeded to smash the butt of their guns in the left side of the Plaintiff's face with a downward motion, approximately 8-10 times. Blood immediately started coming out of the face, nose, jaw and brain regions of the plaintiff's head.

4. Witnesses/bystanders then heard two gunshots go off. These bullets were fired by the Marshalls at the defendant head while he was out cold

on the ground. Medical records show that one bullet entered the left side of plaintiff's head, behind his ear and lodged in his spinal column. The second bullet hit the back of the left side of plaintiff's skull and lodged in his skull. These bullets are still in the body and skull of the plaintiff.

**5.** These Marshalls did not come to make an arrest, they came to perform and execution.

**6.** The plaintiff's limp body was then handcuffed and leg-irons were put on him. He was transported to St. Mary's Hospital in Waterbury, Connecticut. The hospital would not accept the patient, so he was brought instead to the Rider County Jail in Danbury, Connecticut. Rider County Jail would not accept the plaintiff in the condition he was in. Plaintiff was then driven to Essex County Correctional Facility, in Newark, New Jersey. The defendant still had not regained consciousness, as it took 7 days to regain consciousness. Essex County Correctional Facility would not accept the plaintiff either and instead sent him to University Medical Hospital in Newark, New Jersey.

**7.** The hospital had to reconstruct the plaintiff's face with a metal plate. His skull was completely shattered by the butt of the assault rifle that was smashed on his face when he was unconscious. The bullets were not removed, due to the dangers involved from the close location to plaintiff's

brain and spinal cord. Plaintiff's eyes were swollen shut and a fractured nose. He remained in an unconscious coma state until September 2, 2021.

**8.** The plaintiff has permanent brain damage, constant daily migraine headaches, unceasing neck pain and blurred vision. Plaintiff gets ringing in his ears that freezes him up periodically throughout each day. He has suffered from PTSD (Post Traumatic Stress Disorder) and severe mental trauma. He often wakes up in cold sweats from nightmares and goes into unexplained and uncontrollable panic states. The plaintiff struggles to remember facts and cannot recall memories from his life. The plaintiff's right shoulder sustained extensive damage from ligament and tendon tears, likely due to the Marshalls lifting his limp body by his handcuffed arms and dislocating his shoulder joint by pulling his arms out of the socket.

**9.** The plaintiff is permanently disabled, both physically and mentally and has permanent irreparable brain damage. He also will have to live with 2 bullets in his body, one in his neck and one in his skull.

**10.** The Marshalls had a complete disregard for the life of the plaintiff, even after their actions at 97 Starlet Lane, by driving the plaintiff around the tri-state area without medical attention. They likely hoped that he would pass on before arriving to a proper medical facility.

**11.** The defendants conspired under the color of law to deprive plaintiff of constitutionally protected rights and guarantees. Defendants listed were personally involved in the claims set forth below by direct act, supportive acts or allowing the act to continue.

## SECTION 5: CLAIMS UPON DEFENDANTS

**DURAN ROWE** is a defendant because he was directly involved in the police brutality and life threatening violence against the plaintiff.

**ANDRE ALOMAR** is a defendant because he was directly involved in the police brutality and life threatening violence against the plaintiff.

**UNNAMED MARSHALL #1** is a defendant because he was directly involved in the police brutality and life threatening violence against the plaintiff.

**UNNAMED MARSHALL #2** is a defendant because he was directly involved in the police brutality and life threatening violence against the plaintiff.

**UNNAMED MARSHALL #3** is a defendant because he was directly involved in the police brutality and life threatening violence against the plaintiff.

## SECTION 6: COUNTS

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983 (CIVIL RIGHTS)

Plaintiff incorporates by reference statement of claim and all counts within this complaint, as if fully set forth here, the defendants under the color of Law and with a clear absence of Jurisdiction deprived Plaintiff of his Constitutional rights. Defendants named in this count are UNNAMED MALE MARSHALL #1, UNNAMED MALE MARSHALL #2, UNNAMED MALE MARSHALL #3 and UNNAMED MALE MARSHALL #4.

## COUNT 2: VIOLATIONS OF BIVENS V. SIX UNKNOWN NAMED AGENTS, 403 U.S. 388, 91 S. CT. 1999, 29 L. ED. 2D 619 (1971)

Plaintiff incorporates by reference statement of claim and all counts within this complaint, as if fully set forth here, the defendants under the color of Law and with a clear absence of Jurisdiction deprived Plaintiff of his Constitutional rights. Defendants named in this count are UNNAMED MALE MARSHALL #1, UNNAMED MALE MARSHALL #2, UNNAMED MALE MARSHALL #3 and UNNAMED MALE MARSHALL #4.

## SECTION 7: INJURIES

There has been irreparable injury to the plaintiff, both physically and mentally. Plaintiff has permanent brain damage causing constant headaches for the rest of his life, PTSD mental health issues, and joint damage to his shoulder. Plaintiff has significantly reduced cognitive skills from the head trauma caused by the Marshalls. Plaintiff's medical records will be subpoenaed under this case and provided for further details.

## SECTION 8: RELIEF

## INJUNCTIVE RELIEF / RESTRAINING ORDER

Incorporating all the above Plaintiff is requesting a permanent restraining order upon defendants. Plaintiff further requests named Marshalls be suspended pending a complete investigation, to prevent the ongoing abuse against other black and brown citizens. Injunctive relief should include sanctions for violation of injunctive order.

## JUDGEMENT IN FAVOR OF PLAINTIFF

As a result of all acts and conduct of defendants and violations of federally protected constitutionally provided Civil Rights and immunities and omissions committed under the color of state law in the form of

customs, policies, act[s], provisions, practices, failure to train, audit, supervise, and discipline, and intentional acts maliciously, intentionally and willfully committed against Plaintiff person must be remedied. Plaintiff has and is suffering harm and injuries including but not limited to physical damage to his health, pain, mental health, economic loss and unlawful violations of his constitutional rights.

On all counts and claims for Relief, Plaintiff demands judgment in his favor and declaratory relief in the form of a declaration that the actions and conduct of all the Defendants both named and unnamed were and is currently in violation of 42 U.S.C. 1983 and Bivens as well as Amendments of the United States Constitution and injunctive relief ordering all Defendants to cease their unlawful conduct.

On all Counts and Claims for Relief, Plaintiffs demand judgment in his favor and to award punitive damages as allowed per named statutes against each Defendant according to the findings of the jury, due to the oppressive, outrageous, unconstitutional and unjustifiable actions and conduct of all Defendants.

On all Counts and Claims for Relief, Plaintiff demands judgment in his favor and any other relief the Court may deems appropriate and just and otherwise in the interest of justice.

## MONETARY RELIEF

An award of punitive damages and exemplary damages to Plaintiff in an amount of $10,000,000.00 ('Ten Million Dollars') for permanent physical and mental injury as sufficient to punish the Defendant against whom these damages are awarded and sufficient to deter similar conduct in the future by said Defendants.

## SECTION 9: DEMAND FOR JURY TRIAL

On all facts, Counts and Claims asserted, Plaintiff demand a trial by jury as is their United States Constitutional Right, guaranteed by the United States Constitution.

## SECTION 10: PRAYER

Plaintiff incorporates by reference statement of claim and all counts within this complaint, as if fully set forth here.

**A.** Declaratory judgment that the acts of the defendants, and their agents and employees, violated 42 U.S.C. § 1983, Bivens along with U.S. Constitution Amendments.

# SECTION 11: INDIGENT DEFENDANT REQUESTS THE COURT TO APPOINT COUNSEL TO REPRESENT PLAINTIFF.

Plaintiff is currently incarcerated as a Federal Detainee and cannot afford to secure private counsel. **While plaintiff received assistance in writing this lawsuit, this assistance will not be available to plaintiff on an ongoing basis and would like to request that the court assigns counsel to assist the plaintiff in this case.**

Plaintiff does not have any formal legal education, therefore he requires a trained and licensed attorney to assist him in this federal civil action, to assert his rights, to insure that said rights are protected and to seek redress for rights violations. As an incarcerated person, plaintiff does not have a proper work environment that would enable Plaintiff to manage a lawsuit independently, perform depositions, file subpoenas or prepare the case for trial. For these reasons and good cause being shown, plaintiff requests the court appoint counsel to represent the interest brought forth in this complaint/federal civil action.

Further, as explained in **Knighton v. Watkins**, 616 F.2d 795, 799 (5th Cir. 1980), *"an appointed counsel can limit litigation to potentially meritorious issues, conduct discovery and depositions, negotiate a settlement more expeditiously, shorten the trial and limit evidence to*

*relevant issues, benefiting the plaintiff, opposing parties and the court."* The factors that are considered by courts weigh in favor of appointing counsel as:

**1)** the case appears to have merit.[1]

**2)** the plaintiff is incarcerated with extremely limited access to perform the necessary tasks to investigate and interact with the court and the defendants. ***Montgomery v. Pintchak***, 294 F.3d 492, 502 (3rd Cir. 2002) (directing appointment of counsel because imprisoned plaintiff could not take necessary depositions and "encountered multiple obstacles in discovery, both in the resistance of the defendants and in the intricacies of discovery rules")

---

[1] ***Carmona v. U.S. Bureau of Prisons***, 243 F.3d 629, 632 (2nd Cir. 2001)"...We look first to the 'likelihood of merit' of the underlying dispute., Risley v. Hawk, 108 F.3d 1396 (DC Cir. 1997); Tabron v. Grace, 6 F.3d at 155

## CERTIFICATION OF PLAINTIFF

I, **ISAIAH FREEMAN**, Plaintiff, certify under penalty of perjury, that I am personally familiar with all facts, allegations and statements made within this complaint based on personal knowledge. I certify that all facts, allegations and statements made are true and correct to the best of my knowledge. I understand there are penalties for knowingly providing false statements and or claims.

SIGNED: _____   DATE: July 5, 2023

ISAIAH FREEMAN